UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

JEANETH MARTINEZ-MARTINEZ,    )
                             )
            Petitioner,       )
                             )
v.                           )        Case No. CIV-26-734-R
                             )
FRED FIGUEROA, et al.,        )
                             )
            Respondents.      )

## REPORT AND RECOMMENDATION

Petitioner Jeaneth Martinez-Martinez, a noncitizen[1] and Salvadoran national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 2, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). After transfer from the Northern District of Texas, United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 6. The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 2, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release her if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    **Background**

Petitioner, a citizen of El Salvador, entered the United States on July 28, 2022, near Hidalgo, Texas, without inspection or parole.  Pet. at 3-4; Resp. at 7.  Shortly thereafter, ICE encountered Petitioner and placed her into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear.  Pet. at 40; Resp. at 7; Doc. 12-2 at 1 (Notice to Appear).  Petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Pet. at 40.  On July 29, 2022, Petitioner was released from ICE custody.  Resp. at 8; Doc. 12-1 at 2.  Petitioner alleges she has not violated any terms of her release.  Pet. at 5.

On July 12, 2023, Petitioner filed an Application for Asylum and for Withholding of Removal.  Pet. at 5, 16-38.  On January 21, 2026, ICE re-detained Petitioner when she reported to the Dallas Field Office.  *Id*. at 5; Resp. at 8.

Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 1.  Petitioner requested a bond hearing before an Immigration Judge ("IJ"), which was denied because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025).  *Hurtado* holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.  Resp. at 8.[2]

---

[2] According to the online case portal for the Executive Office for Immigration Review ("EOIR"), an IJ granted Petitioner voluntary departure on April 23, 2026, and "an appeal is due by May 26, 2026."  *See* EOIR Automated Case Information, *at* https://acis.eoir.justice.gov/en/caseInformation (last accessed Apr. 28, 2026) (citation modified).  The parties have not informed the Court whether Petitioner intends to appeal

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 2, 12. She remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Apr. 28, 2026).

## II.   Petitioner's Claims

Petitioner asserts three counts in her Petition.

- **Count I: Violation of Due Process.** Petitioner alleges her detention violates substantive and procedural due process under the Fifth Amendment to the Constitution. Pet. at 6.

- **Count II: Violation of the Immigration and Nationality Act ("INA")**. Petitioner alleges her continued detention violates the INA. *Id.* at 7.

- **Count III**: **Violation of the Administrative Procedures Act ("APA").** Petitioner alleges her detention violates the APA because the decision to apply mandatory detention while removal proceedings are pending is an arbitrary and capricious agency action. *Id.*

She asks the Court to order her release "on an order of supervision and under reasonable conditions" and declare her detention unlawful. *Id.*[3]

## III.   Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

---

timely her voluntary departure. Without advisement from the parties that the grant of voluntary departure impacts her Petition, the undersigned proceeds to address the merits of her claims.

[3] Petitioner includes a claim under the Equal Access to Justice Act ("EAJA") as Count IV. Pet. at 7. To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, she must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

§ 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**IV.**   **Analysis**

   **A.**   **Section 1226(a) applies to Petitioner's detention.**

   The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a."  If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), she is not entitled to a bond hearing.  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

   Petitioner argues she is detained pursuant to § 1226(a).  Pet. at 3.  Petitioner asserts her continued detention is unjustified and unauthorized because, inter alia, she "is not a flight risk or danger to herself or to the public."  *Id.* at 6.  Respondents contend Petitioner is an "applicant for admission" and therefore properly detained under § 1225(b)(2)(A).

4

Resp. at 1, 8.  Further, Respondents claim (1) § 1225(b)(2)(A) is not limited only to noncitizens "arriving" in the United States, (2) § 1226(a) is reserved for those who do not fall within the confines of § 1225(b)(2)(A), and (3) any overlap between the two provisions does not undermine ICE's interpretation of the two statutes.  *Id.* at 5-7, 11-12.

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue.  For the reasons stated below, and adopting this Court's reasoning in *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025), the undersigned recommends the Court grant the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens already living in the United States when apprehended.  Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States."  *Valdez*, 2025 WL 3709021, at *3 (citation modified).  "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant."  *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *3 (W.D. Okla. Feb. 5, 2026) (citation modified).  The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

5

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended.  Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified).  Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Chief Judge Palk, Judge DeGiusti, Judge Jones, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[4]  This conclusion is also in accord with the Second and Seventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents.  *See Da Cunha v. Freden*, No. 25-3141, Doc. 78, at 5-7 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir.

---

[4] *See, e.g., Valdez,* 2025 WL 3709021, at *3; *Coreas v, Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026); *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *1 (W.D. Okla. Jan. 21, 2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025).  Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner.  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

2025). *But see Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026) (agreeing with Respondents' interpretation); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 501-08 (5th Cir. 2026) (same).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A).[5] *See Perez*, 2026 WL 315065, at *3 (finding the Seventh Circuit's analysis "persuasive" and concluding § 1226(a) governs a similarly situated petitioner's detention "in accordance with the vast majority of district courts in this judicial district, in the district courts within the Tenth Circuit and across the country to have address the same issues as those raised by Petitioner") (citation modified); *see also Brena Escobedo v. Holt,* No. CIV-25-1553-R, 2026 WL 989109, at *1 n.1 (W.D. Okla. Apr. 13, 2026) (acknowledging the 2-1 decisions in *Avila* and *Buenrostro-Mendez* but continuing to find the analysis in *Castañon-Nava* persuasive).[6]

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order

---

[5] This conclusion is further supported by the fact Petitioner was detained and later released on recognizance under § 1226 in July 2022. Resp. at 8; Doc. 12-1 at 2; *see, e.g.*, *Bello Chacon v. Hermosillo*, No. 25-CV-02299, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025) (finding petitioner's prior release under § 1226 indicates he "was—and continues to be—subject to discretionary detention under § 1226").

[6] Indeed, on April 28, 2026, a Second Circuit panel unanimously held § 1226 applies to noncitizens similarly situated to Petitioner. *Da Cunha*, No. 25-3141, Doc. 78 at 3, 10-11 (agreeing with the Seventh Circuit and the majority of district courts and finding the analysis in *Avila* and *Buenrostro-Mendez* "unpersuasive").

Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release her if she does not have a lawful bond hearing within that period.

### B.     The proper remedy is a bond hearing.

Petitioner does not request a bond hearing and instead only seeks release "on an order of supervision and under reasonable conditions." Pet. at 7. However, Petitioner also prays the Court "grant any other relief which this Court deems just and proper." *Id.* (citation modified). Consistent with the Court's approach in previous cases, the undersigned recommends Petitioner be afforded a constitutionally sufficient bond hearing as a lesser remedy than release. *See Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))). As this Court previously acknowledged, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Id.* (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified). Accordingly, consistent with the Court's approach in previous cases, the undersigned

recommends Petitioner be afforded a constitutionally sufficient individualized bond hearing pursuant to § 1226(a).

### C. The Court should decline to address Petitioner's due process and APA claims.

Petitioner also argues her continued detention without a bond hearing violates her rights to due process and the APA. Pet. at 7. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process and APA claims based on her continued detention. *See, e.g.*, *Valdez,* 2025 WL 3709021, at *3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).[7]

## V.   <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if she has not received a lawful bond hearing within that period. The undersigned

---

[7] Some Magistrate Judges in this District, including the undersigned, have started considering whether detention of similarly situated petitioners violates due process when those petitioners raise such a claim and seek a bond hearing specifically requesting the government bear the burden at such hearing to establish the petitioner's risk of flight or danger. Here, the Petition neither requested burden shifting at a bond hearing nor alleged Petitioner was entitled to such burden shifting. *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (declining to address the due process and burden shifting issue where it was not raised in the petition). As such, any relief recommended in this case as the result of a due process violation would be limited to the same relief recommended for the INA violation, so the Court need not address it. *See id.* at *1 (declining to address a similarly situated petitioner's due process claim).

further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **May 5, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **May 8, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 28th day of April, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

10